2007 MT 342N
IN THE MATTER OF R.G. and R.G., Youths in Need of Care.
No. DA 07-0137.
Supreme Court of Montana.
Submitted on Briefs: November 8, 2007.
Decided: December 17, 2007.
For Appellant: Jim Wheelis, Chief Appellate Defender, Helena, Montana
For Appellee: Honorable Mike McGrath, Attorney General; Mark W. Mattioli, Assistant Attorney General, Helena, Montana Fred R. Van Valkenburg, County Attorney, Missoula, Montana
Justice Jim Rice delivered the Opinion of the Court.
¶1 Pursuant to Section I, Paragraph 3(d)(v), Montana Supreme Court 1996 Internal Operating Rules, as amended in 2003, the following memorandum decision shall not be cited as precedent. It shall be filed as a public document with the Clerk of the Supreme Court and shall be reported by case title, Supreme Court cause number and result to the State Reporter Publishing Company and West Group in the quarterly table of noncitable cases issued by this Court.
¶2 C.W. appeals from the order of the Fourth Judicial District Court, Missoula County, terminating his parental rights. We affirm.
¶3 C.W. is the biological father of nine-year-old elder R.G., a girl, and two-year-old younger R.G., a boy. In June 2004, the Department of Public Health and Human Services (DPHHS) sought emergency protective services and temporary investigative authority when C.W. and elder R.G.'s biological mother were incarcerated after a drug raid of their home revealed illegal drugs, drug paraphernalia, pornography, and unsheathed hunting knives, all easily accessible to elder R.G., and $16,000 in cash. Elder R.G. was adjudicated a youth in need of care in September 2004 upon C.W.'s stipulation. In February 2005, younger R.G. was born while his mother and father were incarcerated and was also adjudicated a youth in need of care. C.W. remained incarcerated through March 2005 and in prerelease until November 2005. In December 2005 the mother's parental rights were terminated. In March 2006 DPHHS petitioned for termination of C.W.'s parental rights. The District Court concluded that C.W. failed to successfully comply with the treatment plans established by DPHHS and that the conduct or condition rendering C.W. unfit was unlikely to change within a reasonable time. See § 41-3-609(1)(f), MCA. Accordingly, the District Court terminated C.W.'s parental rights.
¶4 C.W. argues the District Court erred because DPHHS failed to provide the individual therapy that its own psychologist recommended was necessary for C.W. We review a district court's decision to terminate parental rights to determine whether the district court abused its discretion. In re K.J.B., 2007 MT 216, ¶ 22, 339 Mont. 28, ¶ 22, 168 P.3d 629, ¶ 22. In reviewing for abuse of discretion, we consider "whether the trial court acted arbitrarily, without employment of conscientious judgment, or exceeded the bounds of reason resulting in substantial injustice." In re K.J.B., ¶ 22 (internal quotations omitted).
¶5 Even though DPHHS failed to provide C.W. the therapy it recommended, C.W.'s complete lack of initiative and effort in being available for his children clearly justified the District Court's termination of C.W.'s parental rights. After a hearing on DPHHS's petition for permanent legal custody and termination of C.W.'s parental rights, the District Court found that, although C.W. had generally complied with those portions of his treatment plan required by the terms of his probation, C.W. had not completed
the portions of the plan that most directly benefit the children, such as obtaining safe housing, writing regular and appropriate letters to the children, making phone calls to the children, making visits to the children, participating in family therapy with the children, participating in in-home services, participating in a parenting assessment, and following the recommendations of the professionals working with the children.
Indeed, C.W. missed telephone visits with his children, cancelled physical visits, moved into a home that DPHHS would not approve, and requested a two-week visitation schedule rather than a weekly visitation schedule simply because he did not want to wait five hours to catch a bus in Missoula. Notably, such a bus trip was required because C.W. chose to live in Butte instead of Missoulawhere his children livedeven though he could not find employment in Butte. The District Court also found that C.W. lacked an in-depth understanding about the serious risk his daughter faced in his home. The statutory criteria for termination were satisfied.
¶6 It is appropriate to decide this case pursuant to our Order of February 11, 2003, amending Section I.3 of our 1996 Internal Operating Rules and providing for memorandum opinions. It is manifest on the face of the briefs and the record before us that the appeal is without merit because the findings of fact are supported by substantial evidence, the legal issues are clearly controlled by settled Montana law which the District Court correctly interpreted, and there was clearly no abuse of discretion by the District Court.
¶7 Affirmed.
JUSTICES JAMES C. NELSON, PATRICIA COTTER, W. WILLIAM LEAPHART, BRIAN MORRIS, concur.